IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USA,<br><br>                      Plaintiff,<br>v.<br><br>XLEAR et al.,<br><br>                      Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-640 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A). (ECF No. 16.) Pending before the court is Defendants' Motion to Amend/Correct Amended Answer. (ECF No. 22.) Federal Rule 15 governs the procedure for amending pleadings, *See* Fed. R. Civ. P. 15, and Defendants' motion is filed before the last day to amend pleadings under the operative scheduling order. (ECF No. 20.) For the reasons set forth herein the court will grant Defendants' motion.

Defendants move to amend their Answer for two reasons. First, Defendants seek to add "scientific support for the statements at issue in this litigation." (ECF No. 22 p. 2.) Second, Defendants "wish to clarify that they are raising a First Amended / retaliation defense." *Id.* Plaintiff raises futility arguments against the proposed amendments.

> The grant or denial of leave to amend under Fed.R.Civ.P. 15(a) is a matter within the discretion of the trial court; however, since Rule 15(a) requires that leave to amend be "freely given when justice so requires", the trial court generally must justify its denial of such a motion. One of the reasons which will justify the denial of leave to amend is "futility of amendment".

*Sooner Products Co. v. McBride*, 708 F.2d 510, 512 (10th Cir. 1983) (citations omitted).

Futility of amendment applies to cases where a party clearly cannot state a claim. Generally it is raised when a party is attempting an amendment to prevent dismissal or summary

judgment. See *Anderson v. Suiters*, No. 06–6134, 2007 WL 2421765, *9 (10th Cir. August 28, 2007); *Curley v. Perry*, 246 F.3d 1278, 1281–1282 (10th Cir.2001). "When a defendant moves to amend an answer to add an affirmative defense, futility is examined in the context of a motion to strike under Fed.R.Civ.P. 12(f)." *Livingston v. Sodexo & Affiliated Co.*, No. 11-4162-EFM, 2012 WL 2045292, at *2 (D. Kan. June 6, 2012) (citation omitted); *McCubbin v. Weber County*, 2018 WL 6602210 *4 (D. Utah Dec. 17, 2018). "Within the meaning of Rule 12(f), a defense is insufficient if it cannot succeed, as a matter of law, under any circumstances." *Livingston*, 2012 WL 2045292, at *2. (citation omitted) (internal quotation marks omitted). "To warrant striking a defense, its insufficiency must be clearly apparent and no factual issues exist that should be determined in a hearing on the merits." *Id.* (citation omitted) (internal quotation marks omitted). Significantly, "the party asserting futility has the burden to establish futility." *Id.* (citation omitted).

      Plaintiff argues the proposed amendments are futile because they would not survive a motion to dismiss. Selective prosecution, as raised by Defendants, is difficult to bring and Defendants fail to meet the requirements for making such a claim. To establish such a claim, Defendants are required to show that 1) they were singled out for enforcement while others who were similarly situated were not, and 2) their selection for enforcement was deliberately based on an unjustifiable consideration, in this case the exercise of first amendment rights to freedom of speech and association. *United States v. Amon*, 669 F.2d 1351, 1355-56 (10th Cir.1981), cert. denied, 459 U.S. 825, 103 S.Ct. 57, 74 L.Ed.2d 61 (1982). And Plaintiff asserts Defendants fail to meet either prong to establish their proposed defense.

      The court does not question that a selective prosecution claim is for most purposes difficult to prove. And, given the current facts presently before the court, such a claim may not

survive a motion to dismiss or summary judgment. Yet, this case is in its relative infancy at a stage where pleadings may be amended. "Because the doctrine of futility bars a claim even before it is filed, cases make it clear that the merits of the complaint are examined only in a limited manner on a motion to amend—which is not a motion to dismiss or motion for summary judgment." *Clearone Commc'ns, Inc. v. Chiang*, No. CIV. 2:07CV00037TC, 2007 WL 2572380, at *1 (D. Utah Sept. 5, 2007). As such, a futility objection should not turn into a mini-trial or summary judgment proceeding without the normal safeguards found in the maturation of a merits-based resolution of a claim. *See id.*

The court is not persuaded on the facts before it, and at this stage of the litigation, that Defendants motion for leave to amend should be denied. In short, the defenses Defendants seek to bring do not fall within the purview of Rule 12(f) where they cannot succeed under any circumstance. *See Livingston,* 2012 WL 2045292, at *2. Moreover, the court shares some concern here, as expressed by Defendants, that the underlying purpose in the instant motion is to prevent discovery into disputed facts that may lend support to Defendants' proposed amendments.

The court therefore rejects Plaintiff's arguments and GRANTS Defendants' Motion to Amend/Correct.

IT IS SO ORDERED.

DATED this 8 July 2022.

_____
Dustin B. Pead
United States Magistrate Judge

3