IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USA,<br><br>    Plaintiff,<br>v.<br><br>Xlear Inc., et al.,<br><br>    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-640 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

This matter comes before the court on Defendants', Xlear, Inc. and Nathan Jones, Motion to Compel Adequate Discovery Responses.[1] Defendants seek compliance with document requests, interrogatories, and subpoenas issued to the FTC, FDA, NIH, and CDC. As set forth herein, the court denies the motion.

## BACKGROUND

Defendants sell various products that contain xylitol, a sugar alcohol, in a variety of over-the-counter saline nasal spray products. In response to the COVID-19 pandemic that ravaged the world, Defendants began advertising their saline spray as a product "capable of preventing and treating COVID-19." Complaint ¶ 2, ECF No. 2. These advertisements claimed Xlear nasal spray offers "up to four hours' of protection, and that '[p]eople should be using Xlear as part of a layered defense to prevent getting COVID-19.'" *Id.*

Following warnings from the FTC issued to Defendants to stop this line of advertising, the Government filed the instant matter claiming Defendants' deceptive advertising and misrepresentations violated the FTC Act and the COVID-19 Consumer Protection Act. The

---

[1] Chief Judge Robert Shelby referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispostive pretrial matters. (ECF No. 16.)

Government alleges Defendants "lacked valid factual or scientific bases" for their advertising claims and such misrepresentations posed a public health and safety risk, especially during the concerns and uncertainty amongst a pandemic.

The current motion is intertwined with a motion to compel that was filed by Defendants in Washington, D.C. That matter, however, was transferred to this district pursuant to a motion to transfer.[2] The court therefore considers the matters together.

## DISCUSSION

The court first looks to Federal Rule 26, which governs discovery disputes. Federal Rule of Civil Procedure 26(b)(1) provides that

> the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable. F.R.C.P. 26(b)(1).

Here two principles embedded within Rule 26 must be balanced. First, discovery at this stage is more broadly construed. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (noting that "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case" will be deemed relevant). And second, the court must balance proportionality considerations in light of the "parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." F.R.C.P. 26(b)(1); *see also* Fed. R. Civ. P. 26(b) advisory

---

[2] *See* UNITED STATES OF AMERICA v. XLEAR, INC. et al. 2:22-mc-391 RJS.

committee's note to 2015 amendment (seeking to address the explosion of information that has been exacerbated by e-discovery).

### I. Defendants are not entitled to party discovery from other agencies

The court agrees with Plaintiff's argument that Defendants are not entitled to party discovery form the NIH, CDC, and FDA. It is the FTC that substantively investigated Defendants' conduct.[3] The United States acting as plaintiff prosecutor does not open up the entire federal government to party discovery. *See, e.g., Deane v. Dynasplint Sys., Inc., Med & Med GD* (CCH) P 305271, 2015 WL 1638022, at *4 (E.D. La. Apr. 13, 2015) (citing cases). Rather, the custody or control of discoverable materials extends to the materials in possession of the federal agency that is engaged in a joint or combined effort to prosecute a matter. Defendants' citations to the contrary are unpersuasive. *Unites States v. UBS Sec. LLC*, 2020 WL 7062789, at *4 (E.D.N.Y. Nov. 30, 2020) cited to *Deane* above, and other analogues cases, in finding that for purposes of party discovery, the "United States" includes "agencies that engage in joint investigations" and "agencies that inform the policies, rules, and regulations the executive branch sets." *Id.* at *6. This case cuts in favor of the Government's position of more limited party discovery in this matter, and not Defendants' broad view. In *North Dakota v. United States*, 2021 WL 6278456 (D.N.D. Mar. 24, 2021), also cited to by Defendants, the court permitted party discovery of other agencies based on a determination that Rule 45 subpoenas would "likely be more time-consuming and could result in delay of the litigation." Practicality reasons thus were the main emphasis behind this decision without substantive analysis into the

---

[3] The Government filed a "Notice of Clarification" concerning its representation that only the FTC substantively participated in the investigation. (ECF No. 42.) Defendants took issue with this representation based on emails between the FDA and FTC regarding the status and content of Xlear's submissions to the FDA. There is nothing before the court to indicate these "limited communications" amounted to the FDA substantively participating in the investigation or the subsequent lawsuit.

line of cases considered by *UBS* and *Deane* that support the Government's position. Here the FTC is the cooperating agency that is subject to party discovery. The other agencies' discovery requirements are left to Rule 45, which governs subpoenas to third parties.

This determination undermines Defendants' arguments that the Government Plaintiff is to produce documents from the other agencies including the FDA, CDC, and NIH. For example, Defendants filed a supplement to their short form motion to compel noting that on June 8, 2022, Xlear served its Second Set of Document Requests. The request seeks:

> All documents regarding any studies that have been performed (or that are currently being performed) on any of the following components, either standalone or together, or in conjunction with any other compounds, with respect to their effect in helping reduce viral load from, helping prevent infection from and/or the transmission, helping reducing the duration and severity of illness from, and/or otherwise treating COVID-19: (a) saline, (b) grapefruit seed extract, (c) and any sugars and/or polyols and polysaccharides (Xylitol).

(ECF No. 43 p. 2.) The Government resisted production from other agencies, but provided that it would produce documents within the FTC's possession. The court finds this approach proper under relevant case law.

"Defendants ask for an order requiring the Government to supplement its Rule 33/34 responses to reflect full information and documents within the possession, custody, and control of NIH, CDC, and FDA and to order the FTC, CDC, and NIH to respond to the subpoenas directed to them." (ECF 23 p. 3.) The court DENIES Defendants' motion to compel production seeking supplementations under Rules 33 or 34 via party discovery as to the NIH, CDC and FDA.[4] Given the court's subsequent decision regarding the breadth of the subpoenas, the court

---

[4] The court notes that in addition to the "procedural differences between Rule 34 and Rule 45, the scope of the 'party' to a lawsuit is relevant to other forms of discovery as 'non-part[ies] may not be served with interrogatories ... or requests for admission.'" *UBS*, 2020 WL 7062789, at *3 (quoting *Brown v. Semple*, 2017 WL 1190365, at *7 (D. Conn. Mar. 30, 2017). *See also Simon v. Taylor*, 2014 WL 6633917, at *20 (D.N.M. Nov. 18, 2014), aff'd, 794 F. App'x 703, 2019 WL 5801694 (10th Cir. 2019) (noting how "[t]he discovery rules distinguish between parties to

further denies the motion to compel as to the FTC at this time. The court now turns to the subpoenas.

## II. The subpoenas are overbroad and must be redrafted

As an initial matter, the concerns expressed by the subpoenaed agencies regarding the need for the Rule 45 subpoena being properly before this court are now moot because the motion to transfer was granted. Moreover, as noted by Defendants, subpoenas may apply to both parties and non-parties. *See U.S. v. 2121 Celeste Rd. SW, Albuquerque, N.M.*, 307 F.R.D. 572, 589 (D.N.M. 2015) (adopting majority view that Rule 45 applies to both parties and non-parties)

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas and operates within the confines of Rule 26. *See US Magnesium, LLC v. ATI Titanium LLC*, 2020 WL 12847147, at *5 (D. Utah May 22, 2020) (applying relevancy considerations to subpoena); *Frappied v. Affinity Gaming Black Hawk, LLC* 2018 WL 1899369 *3 (D. Colorado April 20, 2018) ("a subpoena is bound by the same standards that govern discovery between the parties, and, to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case"); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) (finding Rule 45 subpoenas constitute discovery). In certain circumstances the court may or must quash a subpoena on a timely motion. These include if a subpoena inter alia: (1) fails to allow a reasonable time to comply; (2) is outside certain geographical limits as set forth in Rule 45(c); (3) requires the disclosure of privileged or other protected matter, if no exception or waiver applies; (4) subjects a person to undue burden or (5) requires the disclosure of a trade secret or other certain sensitive information. Fed. R. Civ. P. 45(d)(3)(A), (d)(3)(B).

---

litigation and non-parties. Some rules permit discovery only from parties. Others permit discovery from non-parties, but impose additional burdens for obtaining such discovery….").

Defendants seek an order compelling the FTC, CDC, and NIH, to respond to Defendants' subpoenas.

The court finds the subpoenas overbroad and orders Defendants to redraft them. First, the court finds the requests lack any proper limiting timeframe to the circumstances in this case. In opposition to another motion in this case, Defendants provide that they have "narrowed the scope of the requests by limiting the timeframe to those documents in existence from January 2020 to the present—only 2.5 years." (ECF No. 63 p. 7.) Defendants are ordered to perform a similar narrowing here.

Next, although relevancy is broadly construed at this stage, it is not without limits. *See Oppenheimer*, 437 U.S. 340, 351.

> When the discovery sought appears relevant, the party resisting discovery has the burden to establish the lack of relevancy by demonstrating that the requested discovery (1) does not come within the scope of relevancy as defined under Fed. R. Civ. P. 26(b)(1), or (2) is of such marginal relevancy that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.

*In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 3620766, at *2 (D. Kan. July 30, 2018). In contrast, when relevancy is not apparent on its face, the requesting party has the burden to show the relevancy of the request. *See id.*

Here, Defendants' Answer to Plaintiff's Complaint repeatedly asserts its statements are "supported by competent and reliable scientific evidence, including various studies." (ECF No. 45 p. 24.) Thus, on their face, the court is not persuaded that requests for discovery about unrelated products to this action, and the FDA's issuance of emergency use authorizations, are relevant to whether Defendants can substantiate their individual claims about Xlear nasal spray. Defendants fail to meet their burden to show the relevancy of the requests regarding unrelated products. Moreover, Plaintiff represents it has already provided "more than 1200 pages of …

documents" that relate to this issue. The court finds no need to compel further documentation about other companies' products.

Finally, the NIH and CDC represent that their searches have yielded millions of potentially responsive hits. Such results, according to these third-party agencies, support their assertion that the subpoenas are overburdensome. The court is cognizant of the need to consider the costs imposed on third parties. Federal Rule 45(d) requires that an attorney responsible for issuing and serving a subpoena take reasonable steps "to avoid imposing undue burden or expense" on someone subject to the subpoena. The fact that governmental agencies, who utilize the public purse, are subject to the subpoenas, does not lessen the need to be concerned about costs. The court is hopeful with the above rulings that Defendants can sufficiently narrow down their request to mitigate costs imposed on the FTC, NIH, and CDC. The parties are urged to cooperate in this narrowing process. Upon completion the court will still consider the costs of production and whether such costs should be split between the agencies and Defendants. *See Fed. Trade Comm'n v. Zurixx, LLC*, 2021 WL 2779285, at *4 (D. Utah July 2, 2021) (declining to shift the cost of compliance to the FTC and taxpayers); *Simon v. United States*, 2017 WL 10541425, at *4 (D. Colo. Mar. 8, 2017) (finding splitting the cost of compliance between a nonparty and the government appropriate).

## ORDER

For the reasons set forth above, Defendants' Motion to Compel Adequate Discovery Responses is DENIED. Defendants may redraft their subpoenas in a narrower manner in compliance with this order excluding requests for information regarding unrelated products.

IT IS SO ORDERED.

DATED this 6 October 2022.

_____
Dustin B. Pead
United States Magistrate Judge

8