IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| USA,<br><br>                    Plaintiff,<br>v.<br><br>Xlear Inc., et al.,<br><br>                    Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-640 RJS DBP<br><br>District Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

      Pending before the court are two motions. Defendants move the court to compel third parties Emmeline Watts and Focus Nutrition, LLC (collectively third parties) to produce documents responsive to their subpoenas. (ECF No. 66.) These same third parties move the court for a protective order "postponing their depositions until significant disputes over the requests and topics are resolved." (ECF No. 57 p. 1.) Third parties also seek limits on the deposition to one day and seven hours total via videoconference. Having considered the parties' memoranda and relevant case law, the court enters the following order denying and granting in part the motions.[1]

      Defendants sell various products that contain xylitol, a sugar alcohol, in a variety of over-the-counter saline nasal spray products. This case concerns alleged deceptive and misleading statements by Defendants about the capability of Xlear nasal spray to prevent and treat COVID-19. The Government alleges Defendants "lacked valid factual or scientific bases" for their advertising claims and such misrepresentations posed a public health and safety risk, especially during the concerns and uncertainty amongst a pandemic.

---

[1] Chief Judge Robert Shelby referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispostive pretrial matters. (ECF No. 16.)

I.  **Defendants' Motion to Compel Adequate Subpoena Responses is Denied**

Federal Rule of Civil Procedure Rule 45 governs the form and issuance of subpoenas at issue here. It operates within the confines of Rule 26. *See US Magnesium, LLC v. ATI Titanium LLC*, 2020 WL 12847147, at *5 (D. Utah May 22, 2020) (applying relevancy considerations to subpoena); *Frappied v. Affinity Gaming Black Hawk, LLC* 2018 WL 1899369 *3 (D. Colorado April 20, 2018) ("a subpoena is bound by the same standards that govern discovery between the parties, and, to be enforceable, a subpoena must seek information that is relevant to a party's claims or defenses and proportional to the needs of the case"); *Rice v. United States*, 164 F.R.D. 556, 557 (N.D. Okla. 1995) (finding Rule 45 subpoenas constitute discovery). In certain circumstances the court may or must quash a subpoena on a timely motion. Here, Defendants seek to compel production pursuant to a subpoena.

Focus Nutrition is a competitor to Defendant Xlear. Ms. Watts is a partner in Focus Nutrition. Allegedly Ms. Watts, and her business partner Scott Cunningham, made complaints to the Government concerning Xlear and its purported value in counteracting COVID-19. Xlear seeks documents, "discussing any communications with the Government concerning Xlear; any information related to Focus Nutrition's comparable products marketing claims; and their knowledge of Xlear's nasal spray." (ECF No. 66 p. 2.) The court finds many of the subpoena requests irrelevant to the current matter and frankly, they appear to be a retaliatory tactic pursued by Xlear against a competitor. For example, the subpoena to Focus Nutrition requests inter alia:

> 10. All documents reflecting or relating to Focus Nutrition's products and U.S. sales since January 2020.
> 11. All documents reflecting or relating to Focus Nutrition's customer base.
> 12. All documents reflecting or relating to the ingredients included in Xyloburst Pure Nasal Mist.
> 13. All documents reflecting or relating to any customer complaints received about Xyloburst Pure Nasal Mist.
> …

> 15. All documents reflecting or relating to any efforts to promote any of Focus Nutrition's products as an alternative to or as superior to any of Xlear's products.
> 16. All documents reflecting or relating to the formation and organizational structure of Focus Nutrition.
> 17. All documents reflecting or relating to Emmeline Watts' relationship with Focus Nutrition.
> 18. All documents reflecting or relating to David Scott Cunningham's relationship with Focus Nutrition.
> 19. All documents and/or data you have regarding Xlear's existing or pending:
>     a. Products;
>     b. Products' ingredients and components;
>     c. Sales opportunities;
>     d. Vendors;
>     e. Distributors;
>     f. Customers
>     g. Advertising and marketing; and
>     h. Principals, employees, agents or counsel

(ECF No. 66-3 p. 4-5.)

The focus on this case is Defendants' alleged misrepresentations about its product Xlear in treating and preventing COVID-19. Relevant evidence would include scientific evidence or studies about its effectiveness against the COVID-19 virus. Defendants are stretching the bounds of credibility in insinuating that somehow sales data of a competitor's product, all documents relating to Ms. Watts' and Mr. Cunningham's relationship with Focus Nutrition, customer complaints about a competitor's product, a competitor's organizational structure, and advertising material for a competing product are relevant to the Government's action against it. Many of these requests also run afoul of Rule 45's prohibition against obtaining "trade secret or other certain sensitive information." Fed. R. Civ. P. 45(c).

In similar fashion, Defendants issued a subpoena to Ms. Watts that also contains many requests that are, at best, of questionable relevance, and at worst, blatant harassment. For example:

> 7. All documents reflecting or relating to any nasal sprays Focus Nutrition, LLC currently markets or has marketed since its inception.

> 8. All documents reflecting or relating to the marketing and advertising strategies Focus Nutrition, LLC concerning either of their nasal sprays.
> 9. All documents reflecting or relating to competitors of Focus Nutrition, LLC for either of their nasal sprays.
> 10. All documents reflecting or relating to the products and U.S. sales since January 2020 of Focus Nutrition, LLC.
> 11. All documents reflecting or relating to Focus Nutrition, LLC's customer base.
> 12. All documents reflecting or relating to the business of Emmielion, Inc. and its involvement with the natural products industry.
> 13. All documents reflecting or relating to the ingredients included in Xyloburst Pure Nasal Mist.
> 14. All documents reflecting or relating to any customer complaints received about Xyloburst Pure Nasal Mist.

(ECF No. 66-4 p.

Once again, the focus of this lawsuit is on Defendants' marketing materials and its product Xlear. Information concerning all nasal sprays of a competitor, the business of Emmielion Inc. and its involvement in the natural products industry, or all documents "reflecting or relating to [a competitor's] customer base" are not relevant. The crux of Defendants' defenses to Plaintiff's complaint focuses on the allegations that the "statements identified are not false or misleading but are truthful and accurate" (ECF No. 45 p. 24.) and supported by scientific evidence. It strains credulity to think that somehow a competitor's sales data will help in such a defense.

When relevancy is not apparent on its face, the requesting party has the burden to show the relevancy of the request. *See In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Practices & Antitrust Litig.*, 2018 WL 3620766, at *2 (D. Kan. July 30, 2018). Here, Defendants have failed to meet that burden. Given the blatant fishing expedition into a competitor's practices and confidential information as evidenced by many of the requests, Defendants' motion is DENIED.

4

## II.     Third Parties' Motion for a Protective is Granted in Part

Third parties seek to postpone their depositions until significant disputes over the requests and topics are resolved. (ECF No. 57.) They also seek to limit the depositions to one, instead of two - one for a 30(b)(6) representative for Focus Nutrition and another for Ms. Watts'. And third parties request the depositions be by videoconference. The court's ruling above should help in resolving appropriate requests and topics. For example, questioning into Focus Nutrition's sales, customers, marketing campaigns, and the ingredients in its products, are not relevant to Plaintiff's claims against Defendants. Moreover, it is questionable whether Ms. Watts' motives in contacting the FTC after Defendants had already received a warning letter, are relevant to Defendants' defenses. A deposition or subpoena should not be used to annoy, embarrass, oppress, or create undue burden and expense on another party. *See* Fed. R. Civ. P. 26(c); 45(d).

The court is not persuaded that the Rules limiting a deposition to one day and seven hours should apply to both Ms. Watts and Focus Nutrition treating them as a single party. Third parties offer no authority for such a designation. Now certainly Focus Nutrition could designate Ms. Watts as its 30(b)(6) representative. Yet, Defendants may choose to question Ms. Watts individually too, as long as it is within the parameters of relevance in this case and not done in an attempt to harass her.

In similar fashion, third parties fail to convince the court that the depositions should be conducted through videoconference. The cost would be relatively minimal, and should the need arise, third parties could move the court to split the costs with Defendants if their behavior warrants such a motion. Moreover, concerns with COVID-19 while not completely abated, are

less now than in the past. So COVID-19 does not present a sufficient reason to do the depositions remotely.

The court therefore grants in part third parties' motion. The request to consider Focus Nutrition and Ms. Watts as one entity or person is DENIED. Two depositions may occur in accordance with the Federal Rules. The request for a videoconference deposition is likewise DENIED. However, the court is concerned with the range of topics and questioning in the depositions. To that end, the court GRANTS third parties' request to postpone their depositions until the parties reach some agreement on the topics and lines of questioning. The parties are ORDERED to meet and confer regarding suggested topics and any needed production. This order should help provide guidance in those discussions.

## ORDER

Defendants' Motion to Compel to Compel Adequate Subpoena Responses (ECF No. 66.) is DENIED.

Third parties' Motion for Protective Order (ECF No. 57.) is GRANTED IN PART and DENIED IN PART.

It is so ORDERED.

DATED this 6 October 2022.

_____
Dustin B. Pead
United States Magistrate Judge