THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>XLEAR, a corporation<br><br>and<br><br>NATHAN JONES, individually and as an officer of XLEAR, Inc.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:21-cv-640 RJS DBP<br><br>Chief Judge Robert J. Shelby<br><br>Chief Magistrate Judge Dustin B. Pead |

Now before the court is Defendants' Short Form Motion to Compel.[1] For the reasons provided herein, the Motion is Denied.

BACKGROUND

Defendants sell products containing a sugar alcohol xylitol in a variety of over-the-counter saline nasal products. During the COVID-19 pandemic Defendants began advertising their saline spray as a product "capable of preventing and treating COVID-19." Complaint ¶ 2, ECF No. 2. These advertisements claimed Xlear nasal spray offers "up to four hours' of protection, and that '[p]eople should be using Xlear as part of a layered defense to prevent getting COVID-19.'" *Id*.

Following warnings from the FTC to stop this line of advertising, the Government filed the instant matter claiming Defendants' deceptive advertising and misrepresentations violated

---

[1] ECF No. 139. Chief Judge Robert J. Shelby referred this matter to the undersigned in accordance with 28 U.S.C. § 636(b)(1)(A) to hear and determine all nondispositive pretrial matters. (ECF No. 16.)

certain sections of the FTC Act, 15 U.S.C. § 45(a), 15 U.S.C. § 52, and the COVID-19 Consumer Protection Act (COVID-19 Act), Pub. L. No. 116-260, Title XIV, § 1401. The Government alleges Defendants "lacked valid factual or scientific bases" for their advertising claims and such misrepresentations posed a public health and safety risk, especially during the concerns and uncertainty amongst a pandemic.

Defendants point to discovery requests served March 15, 2022, arguing Plaintiff has failed to adequately search for and provide electronic discovery (ESI). Plaintiff has not produced a "single document from any ESI messaging application[]" and Defendants filed this motion seeking such discovery.

## LEGAL STANDARDS

Rule 26 of the Federal Rules of Civil Procedure governs discovery in civil actions. Federal Rule of Civil Procedure 26(b)(1) provides that

> the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

F.R.C.P. 26(b)(1).

Under Local Rule 37-1(a)(1), the parties "must make reasonable efforts to resolve a discovery dispute arising under Fed. R. Civ. P. 26-37 before seeking court assistance."[2] "At a minimum, those efforts must include a prompt written communication sent to the opposing party: (A) identifying the discovery disclosure or request(s) at issue, the response(s), and specifying

---

[2] DUCivR 37-1 (2023).

why those responses or objections are inadequate, and; (B) requesting to meet and confer, either in person or by telephone, and including suggested dates and times."[3]

"If the discovery disputes remain after reasonable efforts, and the parties need a court order to resolve the dispute, the parties (either individually or jointly) must file a Short Form Discovery Motion...."[4] "The motion must ... be filed no later than 45 days after the prompt written communication in section 37-1(a)(2) was sent to opposing counsel, unless the court grants an extension of time for good cause."[5] "Failure to meet these deadlines may result in automatic denial of the motion."[6]

## DISCUSSION

In essence this dispute boils down to Defendants' allegation that Plaintiff uses messaging or other meeting platforms and has failed to produce ESI discovery. Defendants point to general information on the FTC site and articles mentioning such usage. Further, Plaintiff confirmed that no FTC Commissioner, or the staff of a Commissioner, was a custodian whose records were searched for response information.

Defendants' arguments are undermined by Plaintiff's response in February 2024 to Defendants' request regarding ESI. Plaintiff responded that efforts were taken to identify such discovery and "no such documents exist."[7] Defendants reliance on general statements of the FTC using messaging or other meeting platforms does not call into question the veracity of Plaintiff's

---

[3] DUCivR 37-1 (a)(2)(A)-(B).

[4] DUCivR 37-1(b)(1).

[5] DUCivR 37-1(b)(2)(C).

[6] *Id.*

[7] ECF No. 145—2 p. 2.

response.[8] It is not unreasonable that such messaging or other platforms were not utilized by the FTC in this particular case, regardless of possible usage in other matters. When a party responds that no responsive discovery has been found from searching, then there is nothing for the court to compel.[9]

Finally, based on the record, there are serious issues regarding the timeliness of Defendants' motion. The initial discovery requests were served in March 2022, Plaintiff responded to further inquiries about the discovery in February 2024, and Defendants' motion was filed in September 2024. This timeline does not comply with the Local Rules requiring promptness. This court has denied a motion to compel for untimeliness,[10] and the record demonstrates it is also appropriate to do so here. This includes the alleged failures to search documents in possession of the FTC's Commissioners or their staff.

## CONCLUSION AND ORDER

For the foregoing reasons, Defendants' Motion to Compel is DENIED. The Motion fails to comply with the timeliness requirements in the Local Rules and Plaintiff has searched for ESI discovery and found nothing that is responsive.

IT IS SO ORDERED.

DATED this 23 October 2024.

_____
Dustin B. Pead
United States Magistrate Judge

---

[8] *See Cash Today, LLC v. MTE LLC*, No. 21-2360-EFM-RES, 2023 WL 2498922, at *8 (D. Kan. Mar. 14, 2023) (finding that "Plaintiffs have not shown the documents they seek exist and are in Defendants' custody, possession, or control.").
[9] *See id.*
[10] *See Ellis v. Salt Lake City Corp.*, No. 217CV00245JNPJCB, 2022 WL 4484557, at *3 (D. Utah Sept. 27, 2022) (denying motion to compel based on untimeliness under DUCivR 37-1).